## Roberts *vs* Commonwealth.

### ERROR TO THE MADISON CIRCUIT.

### *Gambling.*

INDICTMENT.

*Case* 2.

*December* 3.

JUDGE SIMPSON delivered the opinion of the Court.

THE plaintiff in error was indicted for knowingly permitting a *tenement* of which she was the owner, to be used for gambling. A judgment having been rendered against her for fifty dollars, she has brought the case to this Court for revision.

The indictment was framed under the first section of the act of January 29th, 1848: (*Session Acts* 1847—1848, *page* 10,) entitled, "an act more effectually to suppress gambling." That act provides, that if any person shall keep a room, building, arbor, booth, shed, tenement, boat or float, to be used or occupied for gambling, or shall knowingly permit the same to be used or occupied for gambling, &c., he shall be fined in any sum not less than fifty, nor more than five hundred dollars.

It appears from the evidence introduced upon the trial, that the plaintiff in error is a widow, in the occupation of a small farm, on which her husband resided at the time of his death. A public road passes through the land, and on one side of the road the land is enclosed, and on the opposite side it is unenclosed. The enclosure includes the dwelling house, and extends to the edge of the road. On the side of the road most distant from the house, there is a spring from which the plaintiff in error obtained the water that she used. The gambling was carried on at that spring, whether in the public road or not, is left uncertain, by the testimony.

It is argued, that as the indictment alleged the plaintiff in error to be the *owner* of the *tenement* where the gambling occurred, that allegation is unsustained by

ROBERTS
*vs*
COMMONWE'LTH

the proof, and the Commonwealth failed to establish the case charged in the indictment.

But if the widow was in the possession and use of the farm, she had the right to control it, and to prevent its appropriation to illegal purposes by those who had no color of title or right of entry, and to a certain extent might be appropriately considered, the owner of the lands. No allegation of the character of her right to the tenement was necessary. If she had such a right, as enabled her to prevent it to be used for the illegal purpose of gambling, she came within the provisions of the statute, and the averment in the indictment, that she was the owner of the tenement is sufficiently sustained, by the evidence which shows that she had a qualified ownership.

A widow to whom dower has not been assigned, is liable to indictment under the act of 1848: (*Session Acts of 1847-8, page* 10) for permitting any kind of gaming to be carried on upon the premises.

It is also contended that as widow, she was only entitled to the possession of the mansion house and the enclosed land, on the farm upon which her husband resided at the time of his death, until dower was assigned her, and that therefore, the court should have instructed the jury as moved for upon the trial by her counsel, that such was the full extent of her right to the land. If, however, she was in the possession of the whole tract of land, as the evidence conduced to prove, it was immaterial to the questions arising in this case, whether as widow she was entitled to the possession to that extent or not. Being in possession, she had such a qualified ownership of the land as enabled her to protect it against trespasses and the illegal acts of wrong doers. But we would not be understood as conceding, that her right as widow is confined to the enclosed land. The statute authorizes her to tarry in the mansion house of her husband, and the plantation thereto belonging, rent free, until her dower shall be assigned. She is entitled to the whole plantation, not merely that part of it which is enclosed. All the timber and wood might be outside of the enclosure, and according to the limitation of her right, as assumed in this argument, she would be deprived of the use of the timbered land for

She is entitled until dower assigned to the use of the mansion house and enclosed land, and woodland for some purposes.

fuel, and for necessary repairs. She is not authorized to extend the enclosures, but still she has a right to the use of the unenclosed land, for certain purposes, where it constitutes a part of the plantation upon which the mansion house is situated.

It is also contended that the statute under which this proceeding was instituted, applies alone to such gambling as is carried on by the use of *gaming tables*, or other *apparatus* used and appropriated to gambling purposes. The language of the statute however, is sufficiently comprehensive to embrace all descriptions of gambling; and as the object of its enactment, was more effectually to suppress the practice, its language should be allowed to have its full import, and not be confined to any one species of illegal gaming.

The Court instructed the jury that if the gambling was carried on in the public road, on the land in possession of the plaintiff in error, it was her duty to have procured a warrant against the parties, and to have suppressed the gambling, and if she failed to do it, she was subject to the penalty imposed by the statute, and they ought to find her guilty.

That instruction we think was erroneous. She had no power to compel persons congregated together in the public road to leave it. If they were engaged in an illegal act, the duty of having the law enforced against them, was no more imperative upon her, than upon other citizens. The public road could not be re garded as her *tenement*. Its use and possession was not under her control. The place where the gambling occurred was open to the public, and if it were used for illegal purposes, that did not subject the owner of the land over which the road passed, to the penalties of the act.

Wherefore the judgment is reversed and cause remanded for a new trial and further proceedings consistent with this opinion.

*Turner* for plaintiff; *Harlan, Attorney General,* for the Commonwealth.

ROBERTS
*vs*
COMMONWE'TH

The act of 1847–8, *supra,* applies to every species of gambling.

A person is not bound to prosecute those who gamble on the public road which passes through his land